# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WESLEY J. CROWDER** and **DELICIA CROWDER**, husband and wife, : Plaintiffs | CIVIL ACTION NO. 1:09-CV-352 |
| | (Judge Conner) |
| v. : | |
| **EMERSON ELECTRIC COMPANY** and **RIDGE TOOL COMPANY**, : Defendants | |
| v. : | |
| **CREST PRODUCTS, INC.**, **CREST PRODUCTS, LLC**, and **ILLINOIS TOOL WORKS**, : Third-Party Defendants | |

## ORDER

AND NOW, this 24th day of November, 2010, upon consideration of the report of United States Magistrate Judge William T. Prince (Doc. 50), recommending that third-party defendant's motion to dismiss (Doc. 40) be denied, and, following an independent review of the record and noting that third-party defendant Illinois Tool Works, Inc., ITW Powertrain Fastening Division filed objections[1] to the report on October 28, 2010 (Doc. 51), and the court finding Judge Prince's analysis to be thorough and well-

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

reasoned, and the court finding third-party defendant's objections to be without merit and squarely addressed by Judge Prince's report, it is hereby ORDERED that:

1. The report of Magistrate Judge Prince (Doc. 50) DENYING third-party defendant's motion to dismiss is ADOPTED.

2. The motion of Third-Party Defendant Illinois Tool Works, Inc., ITW Powertrain Fastening Division (Doc. 40) is HEREBY DENIED.

3. Counsel for the parties are DIRECTED to meet and confer on a pretrial schedule and to submit the same to the court on or before December 6, 2010.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge